CITY OF MOORE, Oklahoma, Petitioner,

v.

Wanda M. SNYDER, and the Workers'
Compensation Court, Respondents.

No. 56254.

Court of Appeals of Oklahoma,
Division No. 2.

Oct. 6, 1981.

Released for Publication by Order of
Court of Appeals Oct. 30, 1981.

Bill Pipkin, Moore, for petitioner.

William S. Murphy, Jr., Oklahoma City, for respondents.

BACON, Presiding Judge.

This appeal is brought by the employer in a workers' compensation case. The trial court awarded claimant compensation for permanent partial disability to the back and also permanent partial disability to the body due to mental disorder. The court en banc affirmed the trial judge. Employer now appeals.

In early 1979, Wanda M. Snyder (claimant) had worked for over three years as a "housekeeper" for the City of Moore, Oklahoma (employer). Her duties included general cleaning chores in the Moore City Hall Building.

On May 9, 1979, claimant was injured while removing trash from the city hall building. As she walked along the edge of an excavation site on the premises, the bank caved in and she fell some four feet to the bottom of the excavation. She suffered injuries to her back, hip and neck. Claimant told her supervisors of the accident and finished her shift. She later was treated by Dr. Shaw who referred her to Dr. McGovern for treatment. She underwent almost daily therapy for approximately 138 treatments. Claimant's back pain increased to a level where she could no longer work.

On August 30, 1979, claimant filed her Form 3 alleging she had injured her back when she fell into the excavation. The matter came on for hearing on November 5, 1979, on the issue of temporary total disability. The trial judge found claimant had sustained accidental injury to her back, left hip and neck in the fall and ordered employer to provide medical treatment and temporary disability compensation.

Claimant, thereafter, was treated by several doctors including treatment for "psychological overlays" as a result of the alleged injuries.

Eventually the case came on for hearing on permanent partial disability. The trial court found:

"That as a result of said injury, claimant sustained 20 per cent permanent partial disability to the body due to injury to the back and 20 per cent permanent partial disability to the body due to mental disorder, combining to 40 per cent permanent partial disability to the body as a whole. . . ."

This order was affirmed by the court en banc on December 19, 1980. Employer now is appealing and argues under four propositions for error.

■ Employer's first proposition is stated:

"Claimant was gainfully employed during the period of May 5, 1980, and July 11, 1980, and the trial judge's order awarding temporary total disability during that period was clearly erroneous."

The complaint here is that claimant testified that during the time from May 5, 1979 to July 11, 1979, she had earned $154 working part-time at a concession stand and at time of trial was demonstrating a product in a booth at the state fair. While it's true claimant earned some money, the amount is so insignificant that it cannot be seriously considered as being gainfully employed. Claimant stipulated that any awarded compensation could be reduced by the amount she had earned. We, therefore, hold the order should be modified to reflect that employer receive credit for the $154.

■ The second proposition reads:

"Trial court erred in hearing evidence of psychological injury, and in making an award based on evidence of psychological injury, because a previous final order of the Court determined the nature and extent of claimant's injuries, and there was no finding of psychological injury in that previous order."

In this regard, employer states that during the hearing on temporary total disability the trial judge found injury to claimant's head, hip and neck but made no finding as to any psychological injury. Employer then argues it was error for the trial court, at the hearing on permanent partial disability to find any additional injury not previously found in the hearing on temporary total

disability. Such is not the law. The trial court has continuing jurisdiction and can later adjudicate other injuries when the evidence discloses their existence. In *Cyrus v. Vierson & Cochran, Inc.*, Okl.App., 631 P.2d 1349 (1981), the appellate court in answering a similar argument as here advanced, stated:

"Logically, it would seem, all the trial judge needs to find at the temporary disability hearing is that claimant has sustained a sufficient work-related injury to support the order he makes—in this case one for 300 weeks of temporary total disability compensation. The trial court found that injuries to claimant's head, neck and back were of such a nature as to totally disable claimant, at least temporarily. The evidence justified the finding. This does not mean, however, that no other injuries were sustained in the fall. There may well have been. And if there were, they may or may not have a bearing on whatever permanent disability the worker may eventually be found to have sustained. Certain it is that unadjudicated injuries remain open for later judicial disposition."

Employer's third proposition is:

"Trial court erred in basing an award for psychological injury upon incompetent medical evidence, and the trial court erred in admitting said incompetent medical evidence."

Without setting forth a lengthy discussion as to each of the many medical reports submitted by the parties, suffice it to say in all the reports, including employer's, the doctors opined that claimant was suffering a psychological injury related to this particular fall. Their reports only varied by the amount of disability each doctor gave claimant as a result of the psychological injury. We, therefore, find no merit to employer's third proposition.

The last proposition for error states:

"The trial court erred in failing to appoint independent medical examination of claimant, as the City of Moore requested, because the medical experts disagreed as to the cause of claimant's mental disorder, and also because the ratings of the medical experts were divergent by more than thirty percent."

We find no merit to this proposition for several reasons. First, employer went to trial without any medical evidence on the issue of permanent disability. At the hearing employer asked for 30 days to secure additional medical evidence as to the permanent disability claim, which was granted, and then proceeded to trial. The trial court then reserved his decision as to whether to appoint an independent doctor for a report pending the receipt of employer's additional medical as to permanent disability. When employer's additional medical was received, it disclosed there was not a divergency by more than 30 percent between claimant's medicals and employer's medicals. The trial court then refused to appoint an independent medical expert and entered judgment.

Where there is not more than 30 percent divergency between conflicting medical reports, the trial judge has the discretion to appoint an independent medical expert. 85 O.S.1977 Supp. § 17(A). In the present case there has been no showing that the trial court erred in not appointing an independent medical expert.

As modified the order of the trial court is affirmed.

BOYDSTON and BRIGHTMIRE, JJ., concur.